# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| PAUL R. WEEKS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | _____ |
| vs. | ) | |
| | ) | |
| EDWARD G. STROUD, ASTRO | ) | |
| TRAVEL & TOURS, INC. AND | ) | State Court of Bibb County |
| CORPORATIONS XYZ, | ) | Civil Action File No. |
| | ) | 21-SCCV-092642 |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW, Defendants Edward G. Stroud ("Stroud") and Astro Travel and Tours, Inc. ("Astro"), improperly identified as "Astro Travel & Tours, Inc." (sometimes collectively "Defendants"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal, showing the Court as follows:

1.

Plaintiff Paul R. Weeks, Jr. ("Plaintiff") filed suit against Defendants in the State Court of Bibb County, Civil Action File No.: 21-SCCV-092642 ("State Action") on March 22, 2021. Bibb County is within the Macon Division of this Court. See, 28 U.S.C. § 90(a)(2).

2.

Stroud was served with process on March 23, 2021.

3.

Astro was served with process on March 30, 2021.

3.

Defendants attach hereto as Exhibit "A", copies of the summons and complaint in the State Action.

4.

Plaintiff is a resident of the State of North Carolina.  See, North Carolina Driver's License, re: Paul Weeks, attached and incorporated hereto as Exhibit "B".

5.

At the time Plaintiff filed the State Action, Stroud resided, and continues to reside, at 2660 North Point Lane, Apartment D, Tallahassee, Florida 32308.

6.

At the time Plaintiff filed the State Action, Astro was incorporated in the State of Florida, and maintains its principal place of business at 4876 Woodlane Circle, Tallahassee, Florida.

7.

Plaintiff served USAA with a copy of the complaint in the State Action as the putative uninsured/underinsured motorist insurer, pursuant to O.C.G.A. § 33-7-11.  USAA is a foreign insurance company formed in Texas, with is principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 30092.  Regardless, USAA is not a named party, and its citizenship should not be considered within the meaning of 28 U.S.C. § 1332, See Broyles v. Bayless, 878 F.2d 1400 (1989) (holding that the uninsured/underinsured motorist carrier should not be considered for the purposes of diversity because the carrier is not obligated to participate in the case and does not exercise "substantial control" over the proceedings.

8.

Defendants provided written notice of this Notice of Removal to plaintiff by notifying his counsel of record, Edward R. Still, The Orlando Firm, P.C., 315 W. Ponce de Leon Avenue, Decatur, GA 30030, by filing a notice of removal with the Clerk of the State Court of Bibb County, a copy of which is attached hereto as Exhibit "C".

8.

Defendants timely answered Plaintiff's Complaint in the State Court of Bibb County prior to removal, with a demand for a jury trial. Attached hereto as Exhibit "D" is Stroud's answer, and as Exhibit "E" is Astro's answer. The affidavit of service as to Stroud is attached hereto as Exhibit "F". The affidavit of service as to Astro is attached hereto as Exhibit "G". Finally, defendants' jury demand is attached hereto as Exhibit "H".

9.

Defendants show that the amount in controversy requirement of 28 U.S.C. § 1332(a) is met in this case. Plaintiff's claims are for personal injuries arising out of a motor vehicle collision. Plaintiff's current special damages are in excess of $26,000.00. Additionally, plaintiff recently underwent surgery to his right shoulder on April 9, 2021. Moreover, plaintiff alleges in his complaint he suffered injuries and damages, and seeks compensation for loss and damages he sustained, and will sustain. Complaint ¶ 11, and "WHEREFORE" clause. See, Allen v. Toyota Motor Sales, U.S.A., Inc. 155 Fed. Appx. 480, 482 (11th Cir. 2005) (finding that a demand seeking specified damages of even just $66,678.65, among other unspecified damages, was sufficient evidence that the jurisdictional requirement was satisfied).

10.

To the best of the undersigned's knowledge, information, and belief, and after reasonable inquiry, this Notice of Removal is well-grounded in fact and is warranted by existing law, and has not been interposed for any improper purpose, such as to harass, cause unnecessary delay, or a needless increase in the cost of litigation.

WHEREFORE Defendants pray the case be removed to the United States District Court for the Middle District of Georgia, Macon Division.

This 21st day of April, 2021.

                                            Respectfully submitted,

                                            COPELAND, STAIR, KINGMA & LOVELL, LLP

                                            /s/ *Stephen J. Cohen*
                                            D. GARY LOVELL, JR.
                                            State Bar No.: 459389
                                            STEPHEN J. COHEN
                                            State Bar No.: 556599
                                            *Counsel for Defendants*

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
sjcohen@cskl.law

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's electronic filing system, which will automatically e-mail a copy to counsel of record addressed as follows:

Edward R. Still<br>
The Orlando Firm, P.C.<br>
Decatur Court, Suite 400<br>
315 W. Ponce de Leon Avenue<br>
Decatur, GA  30030<br>
*Counsel for Plaintiff*

This 21st day of April, 2021.

Respectfully submitted,

COPELAND, STAIR, KINGMA & LOVELL, LLP

/s/ *Stephen J. Cohen*
STEPHEN J. COHEN
State Bar No.:  556599
*Counsel for Defendants*

191 Peachtree Tower, Suite 3600
191 Peachtree Street NE
P.O. Box 56887 (30343-0887)
Atlanta, Georgia 30303-1740
Phone: 404-522-8220
Fax: 404-523-2345
sjcohen@cskl.law